IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LISA J. TADLOCK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-01253-O-BP |
| § | |
| LYDIA FIERO WILLINGHAM, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion to Dismiss Without Prejudice for Lydia Willingham and Ron Cope filed on April 22, 2021. ECF No. 18. In her Motion, Plaintiff moves to dismiss Defendants Lydia Willingham and Ron Cope without prejudice. ECF No. 18 at 1.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff is entitled to voluntarily dismiss her case without a court order provided that the opposing party has not served an answer or a motion for summary judgment. The right to voluntarily dismiss an action before service of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006) (per curiam) (citations omitted). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.*

A review of the record in this case reflects that Plaintiff has not served process on Defendant Ron Cope, nor has he filed an answer or a motion for summary judgment. Therefore, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** without prejudice Plaintiff's claims against Defendant Ron Cope pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** April 23, 2021.

                                                                      _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE