# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA J. TADLOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01253-O-BP |
| | § | |
| LYDIA FIERO WILLINGHAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Dismiss Without Prejudice for Lydia Willingham and Ron Cope filed on April 22, 2021 in which Plaintiff moves to dismiss such defendants without prejudice. ECF No. 18. The undersigned previously has recommended that United States District Judge Reed O'Connor dismiss Plaintiff's claims against Defendant Cope without prejudice. ECF No. 19. Pursuant to Court order, Defendant Lydia Willingham ("Willingham") filed her response to the Plaintiff's Motion to Dismiss. ECF No. 21. In her response, Willingham states that she "does not oppose or object to Plaintiff's attempts to dismiss." *Id.* at 2. However, Willingham does not agree with the Plaintiff's argument that the statute of limitations does not apply because alleged violations are continuing. *Id.* Additionally, Willingham requests that the Court admonish Plaintiff for failing to prosecute her case and comply with previous Court orders. *Id.* at 2-3.

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion to Dismiss (ECF No. 18) as to Willingham, enter an order under Federal Rule of Civil Procedure 41(a)(2) **DISMISSING WITHOUT PREJUDICE** Plaintiff's claims against her, and order that all costs of court and attorneys' fees be borne by the party incurring them.

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Willingham answered Plaintiff's Complaint on February 25, 2021. ECF No. 12. Accordingly, voluntary dismissal is permitted only under Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(a)(ii), (a)(2). Voluntary dismissal by stipulation or by court order is presumptively without prejudice unless the stipulation or order states otherwise. *See id*.

Plaintiff has not filed a stipulation of dismissal signed by Willingham and her. However, a formal written stipulation of dismissal is not required if the evidence is "unequivocal and in the record to satisfy the patent purpose of the requirement—to avoid later dispute." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 8116145, at *3 (N.D. Tex. Dec. 15, 2016) (quoting *Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 218 (5th Cir. 1986)), *rec. adopted*, No. 3:16-cv-1554-N-BN, 2017 WL 395166 (N.D. Tex. Jan. 27, 2017). Willingham agrees to the Motion to Dismiss, but does not admit that violations of Plaintiff's rights under the law are continuing and that no statute of limitation would prevent Plaintiff from filing another suit against Willingham. ECF No. 21 at 2. Likewise, she requests that the Court admonish Plaintiff for filing the suit and not prosecuting it. *Id.* Nevertheless, Plaintiff's Motion to Dismiss (ECF No. 18) and Willingham's Response (ECF No. 21) unequivocally evidence the parties' intent to terminate the instant case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(a)(ii).

Alternatively, Federal Rule of Civil Procedure 41(a)(2) allows dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." Whether to dismiss a case pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). The undersigned concludes that Plaintiff's Motion to Dismiss should be granted under Rule 41(a)(2) because the case was filed within the last six months, no scheduling order has been entered, and the parties have expressed a mutual desire to terminate the matter.

In granting Plaintiff's Motion to Dismiss, however, the Court also should admonish Plaintiff for not pursuing her claims to a conclusion on the merits and requiring Willingham to incur attorney fees to respond to Plaintiff's claims. The Court also should state that Willingham's acquiescence in dismissal of the case without prejudice is not an admission that there are any ongoing violations of Plaintiff's rights under the law, nor that a statute of limitations would not bar any future claim that Plaintiff might file against Willingham.

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion to Dismiss (ECF No. 18), enter an order under Federal Rule of Civil Procedure 41(a)(1)(a)(ii) or (a)(2) **DISMISSING WITHOUT PREJUDICE** Plaintiff's causes of action against defendant Willingham, admonish Plaintiff as noted above, and order that all costs of court and attorneys' fees be borne by the party incurring them.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on May 5, 2021.

                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE